UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARK A. BONDS, )
)
Petitioner, )
)
v. ) No. 1:20-cv-00226-JPH-MPB
)
SUPERINTENDENT, )
)
Respondent. )

**ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Mark Bonds' petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCF 15-08-0258. On November 24, 2020, the Court ordered Mr. Bonds to supplement his petition. Dkt. 11. He has not done so, and the deadline has passed.

A court may not grant a habeas petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner exhaust his claims through the Indiana Department of Correction's (IDOC) administrative appeals process. *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002).

The respondent asserts that Mr. Bonds did not pursue any administrative appeals related to NCF 15-08-0258. The IDOC's records of NCF 15-08-0258 do not acknowledge receipt of any administrative appeals. Dkt. 10-7. Mr. Bonds checked a box on his petition indicating that he filed administrative appeals and wrote that he received "no response." Dkt. 1 at 2. The Court offered Mr. Bonds an opportunity to supplement his petition by filing evidence of his efforts to appeal.

Dkt. 11. The Court clarified that he could comply by providing a sworn affidavit stating when, how, to whom, and in what form he submitted administrative appeals—the same information he would be asked to provide in an evidentiary hearing to resolve the exhaustion issue. *Id.*

The record before the Court indicates that Mr. Bonds failed to exhaust available administrative remedies before filing his petition. Accordingly, his petition is **dismissed without prejudice**.[1] The **clerk is directed** to enter final judgment consistent with this entry.

**SO ORDERED.**

Date: 6/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK A. BONDS
230545
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov

---

[1] The respondent provides no evidence regarding the time to file administrative appeals, so the Court cannot conclude that Mr. Bonds' claims are procedurally defaulted and subject to dismissal with prejudice. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) ("Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting him relief on that claim: although a federal court now has the option of denying the claim on its merits, . . . it must otherwise dismiss his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim.").